UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MANSOUR M. VERACRUZ,<br><br>                    Plaintiff,<br><br>      v.<br><br>MAECAENAS B. HENDRIX, et al.,<br><br>                    Defendants. | CASE NO. C14-6029 BHS<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT, MOTION TO APPOINT COUNSEL, AND MOTION TO AMEND COMPLAINT AND GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT |

This matter comes before the Court on Defendants Franciscan Health System and Maecaenas B. Hendrix's ("Defendants") motions for summary judgment (Dkts. 19 & 31); and Plaintiff Mansour Veracruz's ("Veracruz") motion for default judgment (Dkt. 24), motion to appoint counsel (Dkt. 33), and motion to amend complaint (Dkt. 34). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby rules as follows:

# I. PROCEDURAL HISTORY

On January 5, 2015, the Court granted Veracruz's motion to proceed *in forma pauperis* and accepted his proposed complaint. Dkts. 2 & 3. On February 23, 2015, Veracruz filed an amended complaint. Dkt. 5.

On August 5, 2015, Defendants filed a motion for summary judgment on Veracruz's claims alleging violations of 42 U.S.C. §1983, the First and Fifth Amendments to the United States Constitution, and the Privacy Act. Dkt. 19. On August 25, 2015, Veracruz responded. Dkt. 23. On August 31, 2015, Defendants replied. Dkt. 27.

On August 25, 2015, Veracruz filed a motion for default judgment. Dkt. 24. On August 31, 2015, Defendants responded. Dkt. 28.

On September 10, 2015, Veracruz filed a motion to appoint counsel (Dkt. 33) and a motion to amend complaint (Dkt. 34). On September 19, 2015, Defendants responded to the motion to amend. Dkt. 35.

# II. FACTUAL BACKGROUND

This case arises from Defendants' amputation of Veracruz's leg. Veracruz asserts various allegations of medical malpractice and injuries arising from the surgery as well as after the surgery. Dkt. 5.

# III. DISCUSSION

**A.  Motion to Appoint**

The Court may appoint counsel only in "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir.1991). In considering a motion to appoint, the

Court must evaluate both "the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

In this case, Veracruz fails to show that exceptional circumstances exist. While Veracruz may allege generally that the amputation of his leg was unnecessary, he has failed to produce any evidence to support his claim. For example, he has failed to produce any competing medical evidence to support the allegation that the surgery was either unnecessary or constituted medical malpractice. In light of this failure, the Court is unable to conclude that Veracruz is likely to succeed on the merits. Therefore, the Court denies Veracruz's motion to appoint counsel.

**B.      Motion for Default**

The Clerk or the Court may enter a default judgment after the entry of default. Fed. R. Civ. P. 55(b).

In this case, Veracruz moves for default judgment. Dkt. 24. Defendants oppose the motion and contend that the motion appears to be a request for discovery. Dkt. 28. The Court agrees. Regardless, the Clerk has not entered default and the motion for default judgment is improper. Therefore, the Court denies Veracruz's motion for default judgment.

**C.      Motion to Amend**

"The court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15. A party who moves for leave to amend must attach a copy of the proposed amended complaint. Local Rules, W.D. Wash. LCR 15.

In this case, Veracruz has moved for leave to amend his complaint. Dkt. 34. Not only has Veracruz failed to attach a proposed amended complaint to his motion but he has also failed to clearly state what amendments he wants to add to his complaint. As such the Court is unable to evaluate whether justice requires the filing of an amended complaint. Therefore, the Court denies Veracruz's motion.

**D.    Summary Judgment**

Defendants have filed two motions for summary judgment on the majority, if not all, of Veracruz's claims. On August 5, 2015, Defendants filed a notice of *Rand* warning informing Veracruz that he must submit evidence in opposition to summary judgment. Dkt. 21.

**1.    Standard**

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"). *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists

if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson*, 477 U.S. at 255). Conclusory, nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

**2. Federal Claims**

In this case, Defendants move for summary judgment on Veracruz's claims for violations of 42 U.S.C. § 1983, the First and Fifth Amendments to the United States Constitution, the Privacy Act, and the False Claims Act. Dkt. 19. With regard to the civil rights claim, constitutional claims, and the Privacy Act claim, Veracruz fails to offer any arguments or evidence in support of such claims. The Court agrees with Defendants that they are not state actors that acted under color of law. Moreover, Defendants are not

1  federal government actors subject to the Privacy Act.  Therefore, the Court grants
2  Defendants' motion on these claims.
3        With regard to False Claims Act claim, Veracruz has failed to submit any evidence
4  in support of this claim and failed to submit any evidence to show that he properly
5  exhausted this claim before filing.  Therefore, the Court grants Defendants' motion on
6  this claim as well.

7        **3.**    **State Law Claims**

8        In this case, Defendants moved for summary judgment on Veracruz's medical
9  negligence, lack of informed consent, and false imprisonment claims.  Although Veracruz
10 failed to respond to these claims, the Court will review the record to determine whether
11 summary judgment is appropriate.  With regard to the false imprisonment claim, the
12 Court agrees with Defendants that it is barred by the two-year statute of limitations.  Dkt.
13 31 at 11.  Veracruz was admitted to Defendants' medical center in January and February
14 of 2012, but filed this complaint in December of 2014.  Therefore, the Court grants
15 Defendants' motion on Veracruz's false imprisonment claim.
16       With regard to the lack of informed consent claim, Defendants have submitted
17 evidence in support of their position that Veracruz was properly informed and consented.
18 On January 25, 2012, Veracruz signed a consent for surgery form that listed the
19 procedure of a right, above-knee amputation.  Dkt. 31-2.  The record is devoid of any
20 evidence or declaration contesting the authenticity, thoroughness, or efficacy of this form.
21 Therefore, the Court grants Defendants' motion on Veracruz's lack of informed consent
22 claim.

With regard to Veracruz's medical negligence claim, Veracruz has failed to submit evidence in opposition to Defendants' motion.  In Washington, a medical malpractice claim requires proof that

> (1) The health care provider failed to exercise that degree of care, skill, and learning expected of a reasonably prudent health care provider at that time in the profession or class to which he or she belongs, in the state of Washington, acting in the same or similar circumstances;
> (2) Such failure was a proximate cause of the injury complained of.

RCW 7.70.040.  Veracruz has submitted evidence that his current health care provider in New Mexico has no record indicating that Veracruz has a bone problem, which was the diagnosis that led to his amputation.  Dkt. 23-1 at 6.  However, such evidence of a current absence of any problem does not show that Defendants failed to exercise reasonable care or proximately caused any injury.  Therefore, the Court grants Defendants' motion on Veracruz's medical negligence claim because Veracruz has failed to submit evidence to create questions of fact for trial.

**E.   Additional Briefing**

Although it appears that the Court has granted Defendants' judgment on all of Veracruz's claim, the Court will allow Veracruz an opportunity to identify any remaining claims in his complaint that have not been addressed.  Veracruz may file a brief no later than October 23, 2015.  Failure to file a brief or show cause why one could not be filed by that deadline will result in **JUDGMENT** entered in favor of Defendants.  Defendants may file a responsive brief no later than October 30, 2015.

## IV. ORDER

Therefore, it is hereby **ORDERED** that Defendants' motions for summary judgment (Dkts. 19 & 31) are **GRANTED** and Veracruz's motion for default judgment (Dkt. 24), motion to appoint counsel (Dkt. 33), and motion to amend complaint (Dkt. 34) are **DENIED**. Veracruz may file a brief as stated herein no later than October 23, 2015.

Dated this 7th day of October, 2015.

BENJAMIN H. SETTLE
United States District Judge